IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WELLS FARGO HOME MORTGAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:06CV649-HEH |
| ) | |
| EUGENE M. DEVEREAUX, *et al.,* ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
**(Denying Defendant John N. Hess's Motion to Dismiss)**

This matter is before the Court on Defendant John N. Hess's Motion to Dismiss the Complaint of Wells Fargo Home Mortgage ("Wells Fargo" or "Plaintiff"), a division of Wells Fargo Bank, N.A., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will deny Defendant Hess's Motion to Dismiss.

**I. Background**

Eugene Devereaux ("Devereaux") and John Hess ("Hess" or "Defendant") were employed as managers of Wells Fargo, a full service mortgage lender, until approximately

the end of August 2006.[1]  (Compl. ¶¶ 7, 24 and 25.)  Devereaux was an Area Sales Manager, employed since 2001, and Hess was a Regional Builder Sales Manager who was with Wells Fargo since 2004.  *Id.* ¶¶ 16–19.  Both resigned from Wells Fargo to work for JPMorgan Chase Bank, N.A. (d/b/a Chase Home Mortgage) ("JPMC") in 2006.  *Id.* ¶¶ 24–25.

Plaintiff claims that when Devereaux and Hess were still either employed or being paid by Wells Fargo and after they began working for JPMC, they attempted to persuade Wells Fargo employees to leave their jobs and obtain employment with JPMC, successfully in some instances. (Compl. ¶¶ 26–36.)  Wells Fargo alleges this was in violation of the employment agreements ("Employment Agreement") that contained non-solicitation clauses entered into by both Devereaux and Hess.  (*See* Compl. ¶ 21.)  The Employment Agreement is governed by Iowa law and includes a non-solicitation clause that states:

> Employee agrees during the term of such employment and for the periods of time specified below from the date she/he ceases to be in the employment of Employer, regardless of the cause thereof:
> . . . .
> (c) For one (1) year not to, directly or indirectly, influence or advise any other person to employ or solicit for the employment anyone who is, as of the date of Employee's separation from Employer, in the service of Employer; and
>
> (d) For one (1) year not to, directly or indirectly,

---

[1] The Complaint states that Eugene Devereaux was on the payroll until September 9, 2006, but submitted his resignation on August 28, 2006.  (Compl. ¶ 24).

>influence or advise any person who is or shall be in the service of Employer to leave the service of Employer.

(Employment Agreement ¶ 7.) Wells Fargo filed suit against Devereaux and Hess on October 2, 2006, alleging breach of contract, breach of loyalty and fiduciary duty, statutory conspiracy, and tortious interference with contractual relationships and business expectancies.

On November 8, 2006, Hess filed an Answer to Wells Fargo's Complaint and also filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hess disputes that he is even bound by the Employment Agreement because he never signed or accepted the agreement. Hess also argues that Wells Fargo has failed to state a claim with respect to any of the alleged acts. *Id.* at 3, 6, 8.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin*, 980 F.2d at 952

(internal quotations omitted). The Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Id.*

### III. Analysis

As already stated, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 72 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Defendant's Motion to Dismiss alleges that Plaintiff fails to state a claim in each of its allegations in the Complaint. This Court will therefore look at each of the counts individually.

**Count One: Breach of Contract**

Defendant argues that Count One must be dismissed because he did not sign the Employment Agreement and therefore cannot be liable for breach of contract. Plaintiff's Complaint, however, claims that Defendant in fact signed the Employment Agreement. (Complaint ¶ 20.) In its Opposition to Defendant's Motion to Dismiss ("Opposition") Plaintiff maintains that Defendant's handwritten name is printed at the beginning and the end of the Agreement and that, coupled with Defendant's assent to other terms contained in the Employment Agreement, there is enough to show acceptance of the Agreement even without the presence of a formal signature. (Opposition 3–4.)

"[I]t is universally held that any mark, symbol, sign, or other 'thing' can be a signature if the person making the mark or other thing intends that it be so." *Pierce v.*

*Foreign Mission Bd. of the So. Baptist Convention*, 28 Va. Cir. 168, 171 (Cir. Ct. 1992). More importantly, "the absence of an authorized signature does not defeat the existence of a contract . . . ." *Galloway Corp. v. S.B. Ballard Constr. Co.,* 250 Va. 493, 505, 464 S.E.2d 349, 356 (1995). Analyzing the facts in the Plaintiff's favor, it is indisputable that there are facts before this Court that could potentially demonstrate to a jury that Defendant signed the Employment Agreement and intended to sign it. While it is also plausible that Defendant may provide a factual basis to prove the contrary, the issue should be decided by a jury and it is inappropriate for this Court to dismiss Count One pursuant to Rule 12(b)(6).

**Count Two: Breach of Duty of Loyalty and Fiduciary Duty**

In regard to Count Two, Defendant insists that Plaintiff has failed to state a claim for breach of loyalty and fiduciary duty to the extent that it involves post-employment actions. Defendant claims that the breach of fiduciary duties only applies to actions prior to termination of employment. *Id.* While it is true that liability for the breach of a fiduciary duty typically flows from actions taken prior to the termination of employment, *Feddeman & Co. v. Langan Assocs.*, 260 Va. 35, 42, 530 S.E.2d 668, 673 (2000), Virginia case law also states that "even after termination of an agency or employment relationship, the agent 'has a duty to the principal not to use or to disclose to third persons, on his own account or on account of others, in competition with the principal or to his injury, trade secrets, written lists of names, or other similar confidential matters

5

given to him only for the principal's use.'" *Int'l Paper Co. v. Gilliam*, 63 Va. Cir. 485, 491 (Cir. Ct. 2003) (citing *Peace v. Conway*, 246 Va. 278, 281–82, 435 S.E.2d 133, 135 (1993)).

Plaintiff contends Defendant received confidential and proprietary information through the training program and subsequent employment at Wells Fargo. (Compl. ¶¶ 9 and 12.) It has been implied that Defendant may have used this information to persuade employees of Wells Fargo to work for JPMC. (Compl. ¶ 29.) Based upon the presented facts and case law, this appears to support Plaintiff's contention that fiduciary duties and duties of loyalty survive beyond employment, this Court believes that Count Two pleads a justiciable claim. The factual issues should be resolved by a jury.

**Count Three: Statutory Business Conspiracy**

Defendant asserts that Count Three must be dismissed because Plaintiff has failed to state a claim for statutory conspiracy by not showing any specific "concerted acts" taken by Defendants Hess and Devereaux. Moreover, Defendant argues that the conspiracy claim should fail because Plaintiff has not stated a cause of action regarding the underlying validity of the Employment Agreement itself, much less for tortious interference, which this court will address with respect to Count 4. *Id.* at 5–6. Defendant also alleges that Plaintiff cannot show that Defendant acted without lawful justification and that he acted with the purpose of damaging Wells Fargo.

Virginia Code Ann. §18.2-499(A) provides that

> "Any two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever or (ii) willfully and maliciously compelling another to do or perform any act against his will, or preventing or hindering another from doing or performing any lawful act, shall be jointly and severally guilty of a Class 1 misdemeanor. Such punishment shall be in addition to any civil relief recoverable under § 18.2-500."

With regard to injury to the Plaintiff, Wells Fargo does not have to show that Defendant's purpose was to injure, but must show that he acted intentionally, purposefully, and without lawful justification. *Feddeman*, 260 Va. at 44, 530 S.E.2d at 673–74 (2000).

Plaintiff's factual allegations maintain that Defendants Hess and Deveraux resigned from Wells Fargo within three days of one another, both attended and discussed JPMC employment opportunities with Wells Fargo employees at the August 29, 2006 lunch meeting, and both Hess and Devereaux were instrumental in the resignations of at least two Wells Fargo managers. (Compl. ¶¶ 24–27, 34), all in violation of their Employment Agreements. (Compl. ¶ 56.)

Taken together and in the Plaintiff's favor, this issue is clearly one for the jury to decide. The Federal Rules of Civil Procedure do not require that a claim allege every possible fact, but only require that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, this Court has already determined that the facts contained in the Complaint are sufficient to state a claim for breach of the Employment Agreement.

7

**Count Four: Tortious Interference with a Contractual Relationship and Business Expectancies**

Defendant's final contention is that Plaintiff has failed to state a claim for tortious interference with a contractual relationship and business expectancies.  According to Defendant, Wells Fargo has not demonstrated that the employees purportedly lured from the company were bound by employment agreements and therefore there was no reasonable expectation that the employees would remain with the company.  This, of course, is an issue of proof and not pleading.

In order to state a claim for tortious interference, a party must show: (1) a valid contractual relationship, (2) knowledge of the relationship by the interferer, (3) intentional interference causing breach, (4) resultant damage to the party whose relationship has been disturbed, and (5) interference by improper means.  *Duggin v. Adams*, 234 Va. 221, 226, 360 S.E.2d 832, 834 (1987).  While this standard generally applies to contracts that are not terminable at will, Virginia law supports a cause of action under this standard for the unjustified interference with at will employment contracts as well.  *Id.* at 836 (citing *Truax v. Raich*, 239 U.S. 33, 38 (1915)).

Plaintiff's Complaint states that Wells Fargo "legitimately requires its employees to sign written agreements containing restrictions on their post-employment activities" and that Defendant was aware of the contractual relationships.  (Compl. ¶ 14, 55.) These alleged facts, if proved, would satisfy a claim under the first and second element of

8

a tortious interference claim.  Plaintiff also states that Defendant intentionally interfered with WFHM's business relationships and expectancies by enticing other employees to leave Wells Fargo.  (Compl. ¶ 55.)  Finally, Plaintiff asserts that Defendant's actions were in violation of his Employment Agreement and Wells Fargo has suffered monetary damages.  Plaintiff has alleged a sufficient factual predicate to survive a Rule 12(b) challenge as to Count Four.

### IV.  Conclusion

For the reasons stated above, Defendant John N. Hess's Motion to Dismiss the Complaint will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 22nd day of December, 2006.
Richmond, VA